## SHAW *et al. v.* ROBERTS.

*(Supreme Court, General Term, Third Department.   May 21, 1891.)*

JUSTICE OF THE PEACE—JURISDICTION—AMOUNT IN CONTROVERSY—MUTUAL ACCOUNTS.
   Code Civil Proc. N. Y. § 2863, provides that a justice of the peace shall not have
   jurisdiction of a civil action "where, in a matter of account, the sum total of the
   accounts of both parties, proved to the satisfaction of the justice, exceeds four hun-
   dred dollars." Plaintiff and defendant presented accounts whereof the total was
   largely in excess of the jurisdiction of the court, but which were reduced by the
   justice's findings on either side to amounts the total of which was within the juris-
   dictional limit. *Held,* that the existence of credits on either side was a question
   of fact for the justice, and that having found them to exist, and to reduce the claim
   of each party to sums whereof the total was less than $400, he had properly taken
   jurisdiction of the case.

Appeal from Warren county court.

Action by Charles Shaw and Charles O. Shaw against Frank A. Roberts
upon an account. Defendant's answer set up counter-claims and payment.
Code Civil Proc. N. Y. § 2863, provides that a justice of the peace shall not
have jurisdiction of a civil action "where, in a matter of account, the sum
total of the accounts of both parties, proved to the satisfaction of the justice,
exceeds four hundred dollars." From a judgment in favor of plaintiffs, de-
fendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Adam Armstrong,* for appellant.   *H. A. Howard,* for respondents.

LANDON, J.   The question is whether "the sum total of the accounts of
both parties, proved to the satisfaction of the justice, exceeds four hundred
dollars." Code Civil Proc. § 2863. The defendant had been in the service
of the plaintiffs, and his services were proved to amount to $561. Apparently
the amount of the accounts of the plaintiffs was $1,005.53, after deducting
an error of $15.35 in what was termed the "Braley and Noxon Item." The
apparent amount of the defendant's accounts was $811, after deducting the
same $15.35, charged therein to counter-balance the error in the plaintiffs'
account. Of the plaintiffs' account, more than $729.86 were cash items re-
ceived by the defendant from them. The defendant testified, and was not
contradicted, that he had returned to the plaintiffs $250 upon the amount re-
ceived from them, and had charged himself in their books with $479.26. It
was for the justice to find as a fact whether the $250 returned to plaintiffs
was as a payment upon their advances, and whether the $479.26 which de-
fendant charged to himself in their books was a payment to himself upon his
services. The justice manifestly so found, and, as it was a fair inference of
fact from the testimony, we must accept his finding. These payments extin-
guished *pro tanto* the sum total of the accounts. The defendant's account,
therefore, was for his services, $561, less $479.26 paid thereon, leaving it
$81.74. The plaintiffs' account of $1,005.53 was reduced by the $250, repay-
ment, and the $479.26 applied in payment of defendant's services, leaving it
$276.27, making the sum total of both accounts $358.01, and thus within the
jurisdiction of the justice, and making the difference $194.53, for which he
rendered judgment against the defendant. The complaint was to recover
$200 for money, services, and merchandise for which the defendant, who
"has been in the employ of the plaintiffs," was indebted to them "in excess
of the amount of the services." The answer contained a general denial;
claimed $600 for services; alleged a contract by which, in addition to $1,200
per year, the defendant was to receive $2\frac{1}{2}$ per centum of the profits; and
claimed $1,300 damages because of his premature and unjust discharge from
service. Error is alleged with respect to testimony given by one of the plain-
tiffs tending to show that there were no profits. No testimony was given by
the defendant tending to show that there were any profits. Grant that plain-

tiffs' testimony was incompetent, and should have been excluded, its exclusion would not help the defendant. The case would then be barren of all evidence upon this point, and without evidence the defendant's claim would have to be rejected. If there was anything of it, it was an affirmative claim for the defendant to plead and prove. The defendant did set it forth in his answer. The form of the complaint cast no burden on the plaintiffs to disprove it; for, if it can be said that the complaint implied that some amount was due the defendant for his services, in the absence of all proof a nominal sum, not exceeding six cents, would fully satisfy the legal implication. The defendant complains of some rulings upon the admission and exclusion of evidence. We do not think the defendant was prejudiced by any of them. The defendant did not dispute in his testimony any of the items the plaintiffs adduced, and clearly he must have had full knowledge respecting their validity.

Judgment of the county court reversed, with costs. All concur.